UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Wayne B. Holstad and Northwest Title Agency, Inc.,<br><br>Defendants. | Case No. 22-cv-01905 (SRN/DJF)<br><br><br>MEMORANDUM OPINION AND ORDER |

Ana H. Voss and Erin M. Secord, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415 for Plaintiff.

Frederic W. Knaak, Holstad & Knaak PLC, 4501 Allendale Drive, St. Paul, MN 55127; and Wayne B. Holstad, 4501 Allendale Drive, St. Paul, MN 55127 for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the United States' ("Government") Motion for Summary Judgment [Doc. No. 19] as well as Defendants Wayne B. Holstad and Northwest Title Agency's ("NTA") Cross Motion for Summary Judgment [Doc. No. 25]. For the reasons set forth below, the Court grants the Government's Motion and denies Defendants' Motion.

I.  **BACKGROUND**

This case stems from the parties' underlying wage dispute previously addressed by this Court in *Holstad v. U.S. Dep't of Labor*, No. 20-cv-1867 (SRN/ECW), 2021 WL 3272187 (D. Minn. July 30, 2021) (slip copy). As that opinion fully elaborated the details

1

of the factual and procedural history, an abridged version suffices for the purposes of the present motions.

In July 2014, the Administrator of the U.S. Department of Labor's Wage and Hour Division ("WHD") filed an administrative complaint, Case No. 2014-SCA-00011, against Northwest Title Agency, Mr. Holstad, and Mr. Holstad's brother, Joel Holstad, alleging violations of the McNamara-O'Hara Service Contract Act, 41 U.S.C. § 6701 *et seq*. ("SCA"). (Compl. [Doc. No. 1], Ex. 1 (ALJ Decision & Order) at 1–2.) In addition to specifying a minimum wage, the SCA requires federal contractors to provide their employees with certain fringe benefits. 41 U.S.C. § 6702–03. Federal contractors may satisfy their obligation by paying "a cash amount per hour in lieu of the specified fringe benefits, provided such amount is equivalent to the cost of the fringe benefits required." 29 C.F.R. § 4.177(c)(1) (2023). The WHD alleged that NTA, Mr. Holstad, and Joel Holstad had failed to provide these fringe benefits or their cash equivalent, among other violations of the SCA, as required by their contract with the U.S. Department of Housing and Urban Development ("HUD"). (ALJ Decision & Order at 2.) The administrative complaint included a summary of unpaid wages totaling $230,688.22. (*Id.*)

Joel Holstad entered into a settlement agreement with the Administrator in July 2016, leaving NTA and Mr. Holstad as the remaining defendants. (*Id.*) The Administrator considered this settlement as satisfaction of the claim for back wages and voluntarily dismissed Count IV of the administrative complaint. (*Id.* at 3, 5 n.11.)

After holding a hearing where the parties presented witness testimony and various exhibits, the ALJ issued an opinion finding NTA and Mr. Holstad liable under the SCA for

failure to pay fringe benefits to ten employees. (*Id.* at 44–45.) The ALJ rejected Defendants' claims to various offsets as well as their argument that the administrative complaint was barred by the statute of limitations. (*Id.* at 28–35.) The ALJ ordered Defendants to pay a total of $67,893.78 to the WHD for distribution to the employees and debarred Defendants from being awarded a federal government contract for three years. (*Id.* at 44–45.)

Defendants first appealed the ALJ decision to the Administrative Review Board ("ARB"). (Compl., Ex. 2 (ARB Decision & Order).) The ARB affirmed the ALJ's decision and upheld Defendants' three-year debarment from federal government contracts. (*Id.*)

Next, Defendants filed a Petition for Review in the U.S. Court of Appeals for the Eighth Circuit; that court transferred jurisdiction over the Petition to this Court on August 13, 2020. *Holstad*, 2021 WL 3272187, at *4. After the transfer, the Department of Labor moved for summary judgment. *Id.* Defendants argued that the ARB erred by concluding: that they had failed to pay the cash equivalent of the required fringe benefits; that they could not offset Joel Holstad's settlement and a debt allegedly owed to NTA by HUD against the amount owed to employees; that the two-year statute of limitations periods under Minn. Stat. § 541.07, subd. 5, and the Portal-to-Portal Act, 29 U.S.C. § 255, do not apply to the SCA; and that Mr. Holstad is a "party responsible" for the SCA violations as a corporate officer. *Id.* at *6–9. The Court rejected each of Defendants' challenges, holding that the ARB did not err in its determinations and granting summary judgment for the Department of Labor. *Id.* at *6–10.

3

The Defendants then appealed this Court's ruling to the Eighth Circuit, *Holstad v. U.S. Dep't of Labor*, No. 21-3222, 2022 WL 2189551 (8th Cir. June 17, 2022). The Eighth Circuit affirmed, holding that the ARB did not err in concluding that "[NTA] violated the SCA's fringe benefits requirement by failing to pay its employees required health and welfare benefits . . . ; that Holstad was a 'party responsible' under the statute . . . ; and that the administrative complaint was timely." *Holstad*, 2022 WL 2189551, at *1 (citations omitted). Defendants again appealed but the U.S. Supreme Court denied certiorari. *Holstad v. Dep't of Labor*, No. 22-258, 143 S. Ct. 425 (Nov. 14, 2022).

Now, the Government brings this action alleging that Defendants have failed to pay the $67,893.78 in unpaid fringe benefits to the WHD as ordered by the ARB. (Compl. ¶ 19–24; Compl., Ex. 3 (Certificate of Indebtedness).) It requests that this Court enter judgment against Defendants in that amount, plus interest, attorney's fees, and costs. (Compl. ¶ 1; Compl. at 6 (stating claim for relief).) The Government moves for summary judgment, arguing that the principles of res judicata bar Defendants from relitigating the underlying issues and that Defendants' affirmative defenses fail as a matter of law. (Gov.'s Mem. [Doc. No. 21] at 8–17.)

Instead of filing a response brief, Defendants cross-moved for summary judgment. (Defs.' Mem. [Doc. No. 25].) Defendants argue that they are entitled to certain offsets against the amount owed and that the statute of limitations from the Portal-to-Portal Act, 29 U.S.C. § 2955, applies. (*Id.* at 5–7.) They also seek an award of the attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(b). (*Id.* at 1–5.)

4

## II. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if it may affect the outcome of the lawsuit." *TCF Nat'l Bank v. Mkt. Intelligence, Inc.*, 812 F.3d 701, 707 (8th Cir. 2016). And a factual dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In evaluating a motion for summary judgment, the Court must view the evidence and any reasonable inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although the moving party bears the burden of establishing the lack of a genuine issue of fact, the party opposing summary judgment may not "rest on mere allegations or denials but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." *Krenik v. Cnty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995) (internal quotation marks omitted); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Moreover, summary judgment is properly entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

5

## III. DISCUSSION

The Government argues that there is no dispute of material fact as to whether Defendants owe $67,893.78. (Gov.'s Mem. at 8–10.) Specifically, the Government asserts that summary judgment is proper because: (1) it has proven the validity of the ARB award and res judicata bars its relitigation; (2) the action is timely; and (3) Defendants' affirmative defenses fail as a matter of law and fact. (*Id.* at 8–12; Gov.'s Reply [Doc. No. 30] at 2–9.)

Defendants, in their cross-motion, request summary judgment on three issues. (*See* Defs.' Mem.) Defendants argue that: (1) they are entitled to attorney's fees under the EAJA for defending Count IV of the administrative complaint prior to its dismissal; (2) they are entitled to an offset for waiver of reimbursement by several employees; and (3) the two-year statute of limitations under the Portal-to-Portal Act applies to the underlying claims in the case. (*Id.* at 1–7.)

### A. Res Judicata

The Government argues that the validity of the ARB award is established because this Court, the Eighth Circuit, and the Supreme Court have all upheld it. (Gov.'s Mem. at 8.) It contends that res judicata bars Defendants' attempts to relitigate claims and issues that have already been adjudicated, including the timeliness of the administrative complaint and the effect of Joel Holstad's settlement. (*Id.* at 8–12; Gov.'s Reply at 2–4.)

Defendants do not appear to contest the validity of the award. (*See generally* Defs.' Mem.) However, Defendants disagree that res judicata bars relitigation of the timeliness of the administrative complaint. (*Id.* at 9–10.) Defendants also assert, as an affirmative defense, that accord and satisfaction entitles them to an offset against the award in the

6

amount of Joel Holstad's settlement. (*Id.* at 1–2; Defs.' Answer [Doc. No. 11] ¶ 6; *id.* at 3 (requesting offset in claim for relief).)

Res judicata encompasses both issue preclusion and claim preclusion. *Magee v. Hamline Univ.*, 775 F.3d 1057, 1059 (8th Cir. 2015). Claim preclusion prevents parties from successively relitigating the same claim. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). To establish claim preclusion, a party must show: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Magee*, 775 F.3d at 1059 (quoting *Yankton Sioux Tribe v. U.S. Dep't of Health & Human Servs.*, 533 F.3d 634, 639 (8th Cir. 2008)).

While there is some amount of overlap, issue preclusion focuses more narrowly on the issues of fact or law actually litigated and resolved in the previous suit. *Taylor*, 553 U.S. at 892. Issue preclusion has five elements:

> (1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit; (2) the issue sought to be precluded must be the same as the issue involved in the prior action; (3) the issue sought to be precluded must have been actually litigated in the prior action; (4) the issue sought to be precluded must have been determined by a valid and final judgment; and (5) the determination in the prior action must have been essential to the prior judgment.

*Robinette v. Jones*, 476 F.3d 585, 589 (8th Cir. 2007).

The Court agrees with the Government that claim preclusion bars relitigation of the validity of the ARB award generally. As Defendants do not challenge the award at a high level, the Court will address their specific timeliness and settlement arguments through the lens of issue preclusion.

1.     **Timeliness**

Defendants argue—as an affirmative defense—that the underlying action was untimely because the two-year statute of limitations, as set forth by the Portal-to-Portal Act, prohibited the WHD's original administrative complaint.[1] (*See* Defs.' Mem. at 6–7.) The Government asserts that Defendants' continued attempts to challenge the timeliness of the administrative complaint are barred by issue preclusion. (Gov.'s Mem. at 13; Gov.'s Reply at 2–4.)

Several elements of issue preclusion are unquestionably satisfied here. This action involves the same parties as the prior proceedings. *See generally Holstad*, 2021 WL 3272187; *Holstad*, 2022 WL 2189551. Defendants exhausted every avenue for appealing the ALJ's original decision, rendering those proceedings final. *See Twin City Pipe Trades Serv. Ass'n, Inc. v. Wenner Quality Servs., Inc.*, 869 F.3d 672, 677 (8th Cir. 2017) ("[F]inality in the context of issue preclusion may mean little more than that the litigation of a particular issue has reached such a stage that a court sees really no good reason for permitting it to be litigated again.") (quoting *John Morrell & Co. v. Loc. Union 304A of United Food & Com. Workers*, 913 F.2d 544, 564 (8th Cir. 1990)) (cleaned up). And each

---

[1] Defendants do not appear to challenge the timeliness of this action. Federal law prescribes a one-year statute of limitations for commencing an action to collect the sum owed to the WHD. 28 U.S.C. § 2415(a); 41 U.S.C. § 6705(b)(2). The parties executed tolling agreements excluding the time between May 24, 2021 and July 30, 2022. (Voss Decl. [Doc. No. 22]; Gov.'s Mem., Exs. A (First Tolling Agreement), B (Second Tolling Agreement).) The Government commenced this action on July 29, 2022, prior to the expiration of the second tolling agreement. As the ARB issued its decision on June 12, 2020, the Government filed its Complaint within the one-year statute of limitations and the Court therefore holds that this action is timely.

entity's determination on timeliness was essential to the judgment because the WHD could not have maintained its action if prohibited by the statute of limitations. *Bobby v. Bies*, 566 U.S. 825, 835 (2009) ("A determination ranks as necessary or essential only when the final outcome hinges on it.") (citing 18 Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4421, p. 543 (2d ed. 2002)).

That leaves whether the timeliness of the administrative complaint was "actually litigated" in the prior proceedings and whether Defendants assert the "same" issue here. *Robinette*, 476 F.3d at 589. The Court finds both of these requirements satisfied.

For an issue to be "actually litigated," the issue "must have been 'raised, contested, and submitted for determination' in the prior proceeding . . . and it must be determined." *Fofana v. Mayorkas*, 4 F.4th 668, 671 (8th Cir. 2021) (quoting *Janjua v. Neufeld*, 933 F.3d 1061, 1066 (9th Cir. 2019) and citing *Islam v. Sec'y, Dep't of Homeland Sec.*, 997 F.3d 1333, 1341 (11th Cir. 2021)). Defendants maintain the same Portal-to-Portal Act argument here that they proffered repeatedly before the other tribunals.

First, Defendants brought a motion to dismiss on this basis prior to the hearing in front of the ALJ, who dismissed their motion. (ALJ Opinion & Order at 28–29.) Nonetheless, Defendants "repeated this argument in their joint post-hearing brief." (*Id.* at 29.) The ALJ rejected their argument once again and held that a six-year statute of limitations applied under 28 U.S.C. § 2415(a). (*Id.*)

Next, Defendants challenged the statute of limitations in front of the ARB. While the ARB did not specifically state which statute of limitations applies, it too rejected Defendants' Portal-to-Portal Act argument. (ARB Decision & Order at 6 ("[T]hat statute

9

does not apply to proceedings under the SCA.").) Further, it found that Defendants had not established that Minnesota law controlled the statute of limitations either. (*Id.*)

Then, this Court upheld the ARB's determination. *Holstad*, 2021 WL 3272187, at *8. Finally, the Eighth Circuit found that the administrative complaint was timely, citing 29 C.F.R. 4.187(c) for the proposition that the "SCA is not subject to [the] statute of limitations in [the] Portal-to-Portal Act, and contains no prescribed period within which [an] action must be instituted[]." *Holstad*, 2022 WL 2189551, at *1.

In short, Defendants' Portal-to-Portal Act argument was addressed and rejected four times. The protracted history of their dispute with the WHD shows that the timeliness of the administrative complaint was "actually litigated" in the prior proceedings. The Court finds "no good reason" to litigate this issue a fifth time. *Twin City Pipe Trades*, 869 F.3d 677.

As for sameness, Defendants' attempt to put a new due-process gloss on their statute of limitations argument fails. (*See* Defs.' Mem. at 7 ("The defendant's entitlement to due process has been violated by the non-application of the correct statute of limitations.").) The issue is identical to the one litigated in the prior suit. *See, e.g.*, *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992), *cert. denied*, 506 U.S. 1078 (1993) ("[O]nce an *issue* is raised and determined, it is the entire *issue* that is precluded, not just the particular arguments raised in support of it in the first case."); Restatement (Second) of Judgments § 27, cmt. c (Am. L. Inst. 1982) ("[I]f the [precluded] issue was one of law, new arguments may not be presented to obtain a different determination of that issue.").

10

All tribunals rejected the statute of limitations from the Portal-to-Portal Act and Defendants are barred from raising new arguments to apply it here. Moreover, the Eighth Circuit cited to the applicable regulation when affirming the administrative complaint's timeliness. *Holstad*, 2022 WL 2189551, at *1 (citing 29 C.F.R. 4.187(c) (2023)). To the extent Defendants assert that no court identified the applicable statute of limitations, they misstate the record.

The Court therefore finds that Defendants' timeliness argument is precluded.

### 2. Accord and Satisfaction

Defendants pleaded the affirmative defense of accord and satisfaction. (Defs.' Answer ¶ 6 ("[P]laintiff's claims, in whole or in part, were dismissed prior to the entry of the settlement agreement with Joel Holstad and the determination of the amount of the judgment by the [ALJ].").) The Government argues that the ARB, and this Court, have already addressed and resolved questions related to the Joel Holstad settlement. (Gov.'s Mem. at 13.) Defendants disagree, addressing the issue in one line of their brief: "claims against Wayne Holstad arising after the sale of the company to Joel Holstad were released by the settlement agreement are [sic] not barred under the principles of claim preclusion." (Defs.' Mem. at 1–2.)

The Court agrees with the Government. In reviewing the ARB's decision, this Court expressly determined that "the funds that Joel Holstad paid as part of his settlement were an offset to back wages only." *Holstad*, 2021 WL 3272187, at *8 (citing ALJ Order & Decision at 51). Defendants have not supported their argument with any caselaw or

evidence to the contrary. The Court therefore finds that Defendants' accord and satisfaction defense is precluded.

Accordingly, the Court grants summary judgment to the Government on the overall validity of the ARB award, the timeliness of the administrative complaint, and the affirmative defense of accord and satisfaction.

### B. Offsets for Waiver and Release

Defendants also pleaded the affirmative defense of waiver and release, arguing that they are entitled to an offset for employees who voluntarily waived reimbursement. (Answer ¶ 7–8; *see also* Defs.' Mem. at 5.) Defendants argue that this waiver is proper for three reasons. (Defs.' Mem. at 5–6.) First, Defendants contend that 41 U.S.C. § 6705(b) does not authorize the United States to seek judgment for the benefit of the employee. (*Id.*) Second, Defendants assert that the judgment sought is "not a penalty or fine" as authorized by the statute. (*Id.*) Third, Defendants argue that any former employee has the right to decline reimbursement for any reason. (*Id.*)

The Government responds that employee waivers are expressly prohibited under the SCA. (Gov.'s Mem. at 4–5.) It further argues that, even if employees could waive reimbursement, Defendants present only the inadmissible declaration of Joel Holstad to prove the claimed waivers. (*Id.* at 5.)

The Court agrees with the Government on both points. "Releases or waivers executed by employees for unpaid wages and fringe benefits due them [under the SCA] are without legal effect." 29 C.F.R. 4.187(d) (2023). And regardless, Defendants have produced no admissible evidence to support their assertion of employee releases.

Defendants submitted the declaration of Joel Holstad stating that "many of the former employees do not want any money from [NTA] . . . [and] [a]dditional employees have stated their willingness to release Wayne Holstad personally[.]" (Joel Holstad Decl. [Doc. No. 26] ¶ 6–7.) These statements are inadmissible hearsay. Fed. R. Evid. 801. Aside from these assertions, the record does not contain written copies of these purported releases or even a list of the employees who allegedly granted them. "Mere speculation, conjecture, or fantasy" is insufficient to support (or withstand) a motion for summary judgment. *Mann v. Yarnell*, 497 F.3d 822, 827 (8th Cir. 2007) (citing *Fischer v. Andersen Corp.*, 483 F.3d 553, 557 n.6 (8th Cir. 2007)).

Accordingly, the Court denies summary judgment to Defendants and grants summary judgment to the Government on Defendants' affirmative defense of waiver and release.

### C. Attorney's Fees

Defendants assert that they are entitled to attorney's fees incurred in defense of Count IV of the original administrative complaint pursuant to the EAJA, 28 U.S.C. § 2412. (*See* Defs.' Mem. at 2–5.) They argue that the voluntary dismissal of Count IV establishes that they are the "prevailing party." (*Id.* at 2–4). Defendants also contend that the dismissal demonstrates the claim had no merit, and thus that the Government's position was not "substantially justified." (*Id.* at 4–5.)

In response, the Government asserts that the EAJA request is procedurally improper because Defendants did not submit the requisite application within 30 days of the final judgment on the underlying action. (Gov.'s Reply at 5–7.) Moreover, the Government

13

contends that the request is improper because Defendants now raise these arguments, for the first time, nearly three years after the final administrative decision. (*Id.*) On the merits, the Government argues that Defendants cannot establish that they are the "prevailing party," or that the Government's position was not "substantially justified." (*Id.* at 7–9.)

The EAJA provides, in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In addition,

> [a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified . . . .

28 U.S.C. § 2412(d)(1)(B).

The Court will deny Defendants' request for fees. First, Defendants have made no effort to comply with the EAJA's procedural requirements: they did not make a separate petition to the Court, only raising the issue in their summary judgment motion, and they did not do so within 30 days of the final judgment in the relevant action. The Supreme Court denied certiorari on November 14, 2022, *Holstad*, 143 S. Ct. 425, and Defendants brought their motion on January 17, 2023, well beyond the 30-day limit. (*See* Defs.' Mem.)

14

Second, Defendants have not provided any authority supporting the proposition that this Court can award attorney's fees for a separate action, let alone for work performed in a separate administrative proceeding.[2] Section 2412(d)(1)(A) "generally does not allow for the award of fees for administrative proceedings." *W. Watersheds Project v. U.S. Dep't of the Interior*, 677 F.3d 922, 926 (9th Cir. 2012). Under a narrow exception, fees may be awarded for administrative proceedings where those proceedings are "intimately tied to the resolution of the judicial action," and "necessary to the attainment of the results Congress sought to promote by providing for fees." *Friends of Boundary Waters Wilderness v. Thomas*, 53 F.3d 881, 887 (8th Cir. 1995) (quoting *Sullivan v. Hudson*, 490 U.S. 877, 888 (1989)).

Courts have limited *Hudson*'s holding to cases in which the district court remands an action for further administrative proceedings. *Id.* (finding "no basis" to extend *Hudson* to cases "where the administrative proceedings precede the civil action"); *see also Melkonyan v. Sullivan*, 501 U.S. 89, 96–97 (1991) (explaining that *Hudson* "stands for the proposition that in those cases where the district court retains jurisdiction of the civil action and contemplates entering a final judgment following the completion of administrative proceedings, a claimant may collect EAJA fees for work done at the administrative level"). No remand occurred here. Under these circumstances, the EAJA does not allow Defendants

---

[2] Separately, 5 U.S.C. § 504(a) permits the award of attorney's fees for administrative proceedings under certain circumstances. *See* 5 U.S.C. § 504(a). Even then, however, the party seeking the award must submit a fee application to the agency "within thirty days of [the] final disposition in the adversary adjudication." 5 U.S.C. § 504(a)(2). The record contains no evidence that Defendants have complied with this procedural requirement.

to recover any attorney's fees or expenses from this Court for the pre-litigation administrative proceedings.

Because Defendants have not satisfied the procedural thresholds, the Court need not reach the merits of Defendants' EAJA request. Accordingly, the Court denies Defendants' request for attorney's fees and grants the Government summary judgment on this issue.

## IV. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Government's Motion for Summary Judgment [Doc. No. 19] is **GRANTED**;
2. Defendants' Motion for Summary Judgment [Doc. No. 25] is **DENIED**; and
3. The Government is entitled to judgment against Defendants, jointly and severally, in the sum of $67,893.78 in principal, together with interest, attorney's fees, and costs as allowed by law and pursuant to 28 U.S.C. § 2412.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 27, 2023

s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge